**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2173
_____

DASHAAN R. SMITH
                                        Appellant

v.

SUPERINTENDENT T. MCGINLEY;
LT. RICE; CAPTAIN DOLTON;
GRIEVANCE OFFICER A. WHEARY;
D. VARNER; J. GIBSON; G. BURNS;
UNIT MANAGER J. DUNN; C.O. HAINES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-22-cv-01382)
District Judge: Honorable Robert D. Mariani
_____

Submitted for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B),
possible summary action pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 on
October 10, 2024

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: October 28, 2024)
_____

_____

OPINION[*]

_____

PER CURIAM

Dashaan Smith, proceeding in forma pauperis, appeals from the District Court's judgment in favor of the defendants. Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

On June 3, 2022, Smith, a Pennsylvania state prisoner, was temporarily transferred to another state institution for a court hearing. Smith was placed in restrictive housing on administrative status, where he had no hot water, could not contact his attorney or his family, could not purchase commissary items, and resided in an unclean cell.

When Smith returned from court, Defendant Haines conducted a strip search, ordering Smith to place his hands in his mouth, rub his hands on his head, and use his hands to display his anal and genital areas. Then, on Defendant Rice's orders, Defendant Haines performed another strip search with a flashlight. No officer touched Smith during the searches. Smith left the intake room, Defendant Rice made a derogatory comment about Smith's body and stated, "I can make you do whatever I want." The defendants contended that Rice ordered the second strip search because Haines improperly performed the first

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

search without a flashlight. Smith maintained that the first search was done properly, and that the defendants performed the second search to harass him.

Smith left restrictive housing on June 15. He filed a prison grievance; an officer reviewed the strip search video footage and determined that no sexual abuse or harassment occurred. The prison did not keep the video.

Smith filed a pro se civil-rights complaint against Haines, Rice, and other prison employees for deprivations of his First, Fourth, Eighth, and Fourteenth Amendment rights. The defendants moved for summary judgment. Smith moved to compel discovery of the video footage and for spoliation sanctions. He also moved to amend his complaint to add claims against the prison employee who, he claimed, failed to investigate the sexual abuse grievance and preserve the video footage.

The District Court granted summary judgment in favor of the defendants. The Court also denied Smith's discovery and amendment motions. Smith appealed, and we have jurisdiction under 28 U.S.C. § 1291.

We review the District Court's grant of summary judgment de novo. *Dondero v. Lower Milford Twp.*, 5 F.4th 355, 358 (3d Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material factual dispute is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Id.*

First, the District Court did not err by dismissing Defendants Wheary, McGinley, Dolton, Gibson, Burns, Dunn, and Varner for their lack of personal involvement in Smith's case. These defendants' involvement was limited to investigating Smith's grievances and reviewing the prison's decision to place Smith in restrictive housing. Smith did not present any evidence that the defendants were personally involved in any constitutional deprivation, so his claims fail as a matter of law.[1] *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207–08 (3d Cir. 1988).

The District Court also did not err by denying Smith's claims arising from his confinement conditions. Smith was in restrictive housing for no more than 12 days, did not show that the housing conditions posed a substantial risk of harm to his health or safety, and thus did not establish he was deprived of "basic human needs" under the Eighth Amendment. *See Griffin v. Vaughn*, 112 F.3d 703, 706–07, 709 (3d Cir. 1997); *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994). Relatedly, Smith could not sustain a procedural due process claim because he did not establish that the administrative custody conditions placed an "atypical and significant hardship" on him. *See Griffin*, 112 F.3d at 706–08. Smith also failed to set forth a prima facie retaliation claim, *see Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003), and he showed no actual injury from the inability to speak to his attorney while in restrictive housing, *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008).

---

[1] To the extent that Smith asserted claims based solely on the defendants' handling of his grievances, we agree with the District Court that the claims fail because prison inmates do not have a constitutional right to a grievance process. *See Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001).

4

Additionally, Smith failed to show that a reasonable juror could find in his favor on the Fourth Amendment claim arising from the second strip search. Although the Fourth Amendment applies to bodily searches of inmates, their rights are "very narrow." *Parkell v. Danberg*, 833 F.3d 313, 325–26 (3d Cir. 2016). To determine whether a bodily search is reasonable, we balance the need for the search against the privacy invasion, and we consider the intrusion's scope, its justification, and the manner and place in which it is performed. *See id.* at 326. Here, the defendants asserted the corrections officer re-searched Smith with a flashlight to comply with the prison's best practice. Smith did not dispute that it was reasonable for the prison to search him when he returned from court. He disagreed that the second search was necessary and presented evidence that the Pennsylvania Department of Corrections procedures manual did not require prison employees to use flashlights during strip searches. But even if the flashlight practice deviated from the procedure manual, that does not, without more, establish a constitutional violation. *See id.* (explaining that we give considerable deference to the prison's justification for a search). Smith failed to establish that the second strip search was unreasonable.

Nor did Smith sufficiently state an Eighth Amendment sexual abuse claim. Sexual assault of a prison inmate may implicate the Eighth Amendment if the incident was "objectively, sufficiently intolerable and cruel, capable of causing harm," and the prison official acted maliciously and intended to cause harm without a legitimate penological purpose. *Ricks v. Shover*, 891 F.3d 468, 473–75 (3d Cir. 2018). Conduct that is objectively cruel includes "sexualized fondling, coerced sexual activity, combinations of ongoing harassment and abuse, and exchanges of sexual activity for special treatment or to avoid

5

discipline." *Id.* at 478. Here, though a juror might infer a culpable state of mind from the prison official's derogatory comments, *see id.* at 475, the second visual strip search did not rise to the level of objectively cruel conduct, *see id.* at 476–78.

Finally, the District Court did not abuse its discretion by denying Smith's second motion to amend his complaint or the discovery motions. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 272–73 (3d Cir. 2001) (The court has discretion to deny leave to amend a complaint if the delay in seeking amendment is undue or prejudicial.); *Marroquin-Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983) ("[T]he scope and conduct of discovery are within the sound discretion of the trial court … ."). Accordingly, we will summarily affirm the District Court's judgment. Smith's request for appointment of counsel is denied as moot.